[Civ. No. 5966.   Third Appellate District.—January 10, 1939.]

H. T. CROW, Respondent, v. J. R. KENWORTHY et al.,
Appellants.

Samuel V. Cornell for Appellants.

Hawkins & Hawkins & Cardoza for Respondent.

TUTTLE, J.—This is an action brought to rescind a contract for the sale of a neon sign, and for the recovery of the purchase price.   The court was also asked to remove the sign from the building of the plaintiff.

The complaint in the action is based upon fraudulent representations which are alleged to have been made by defendants to the effect that the contract had been fully performed by them.   The answer sets up several defenses, including those

of waiver and the prevention of performance by plaintiff and a substantial performance by defendants.

The facts of the case are practically without conflict. They disclose that plaintiff was the owner of an hotel in the city of Modesto; that the defendants conducted a sign advertising business in the same city; that on or about January 6, 1936, the parties entered into a written contract for the construction and erection of an electric sign on said hotel. Some five weeks after the sign had been erected upon the premises of plaintiff, and after it had been operated by plaintiff during that length of time, plaintiff notified the defendants, in writing, to remove said sign from said building, but defendants failed to do so. On May 9, 1936, plaintiff, in writing, notified the defendants that plaintiff rescinded the contract for the construction and installation of said sign, and demanded that the defendants remove the sign from said building, and return the consideration therefor.

Upon the failure of the defendants to comply with these demands, this action was commenced, a trial was had before the court, and judgment was thereafter rendered rescinding the contract, and for the recovery of the purchase price from defendants in the sum of $650; and it was further ordered in said judgment that defendants remove said sign from said building within five days after entry of said judgment.

One of the terms of said contract, and the only one pertinent to this appeal, provided that the defendants construct and erect said sign in such a manner that it would comply with the regulations and pass the inspection of the city of Modesto.

The sole ground for the rescission is that the defendants, at the time payment was made for said sign under said contract, in effect, fraudulently represented that said sign had been passed and accepted under the regulations of the city of Modesto. The entire testimony bearing upon the question of the representations was given by the plaintiff as follows:

"Q. Mr. Crow, when you paid Mr. Kenworthy, or the Ad-Art Sign Company the $600 some odd dollars, at that time did you know that the city had or had not accepted—or I will state it this way: What did Mr. Kenworthy tell you at that time? A. Mr. Kenworthy came into my office with a bill and said he would like to have some money, he had to pay his help, and I says, 'Well, Mr. Kenworthy, has everything

been taken care of?' And he said: 'Yes'. I said, 'According to contract?' He said 'Yes'. I said, 'All right'. So we straightened it up, gave him his money.''

It will be observed that at no time did the defendants actually represent that the city of Modesto had given its approval to the installation of the sign. It is contended by plaintiff, however, that the above language carries the implication to the effect that the city had given its approval. It is admitted by all parties that the city of Modesto never passed upon or accepted the installation of said sign.

There is no contention made by plaintiff to the effect that either at the inception of said contract, or prior thereto, any fraudulent representations were made with respect to the same. The fraud, if any, arose not in connection with the execution of the contract, but long after the contract was executed, and related to matters which concerned the carrying out of the terms of said contract. No authorities have come to our attention which justify or authorize the rescission of a contract under such circumstances, where the rescission is based solely upon the ground of fraud. ''Where it appears that the buyer was induced to *enter into* the contract by fraud or misrepresentation on the part of the seller, he is entitled to maintain an action for rescission and damages.'' (22 Cal. Jur. 912.) We are of the opinion that an action for rescission would not lie under the circumstances of this case, where the fraudulent representations were made concerning matters which had nothing to do with the inception of the contract, or the making of the same, but pertained solely to matters connected with the performance of the contract. However, this question was not raised by any of the parties on this appeal, and apparently the case was tried upon the theory that the pleadings properly presented an action for rescission and damages.

It appears that prior to the erection of the sign the city engineer of Modesto recommended that the angle iron to be used as a support for said sign should be in size 3 inches by 4 inches by ⅝ inch, and that all the rest of the supporting members would be angle irons of a size 3 inches by 4 inches by ½ inch in thickness. When the sign was erected the angle irons actually used were slightly less than this requirement. Before the sign was erected it appears without dispute that the defendants offered and submitted, and attempted to install

angle irons which were 4 inches by 4 inches by ⅝ inch in size, in fulfillment of the terms of the contract, which required "suitable" irons for this purpose. The city engineer testified that angle irons of such size would satisfy the regulations of the city of Modesto. It will be noted that the size of the irons last mentioned exceeded by *one inch* the size recommended originally by the city engineer. When the defendants attempted to use the larger sized irons, which were satisfactory to the city, they were forbidden to do so by plaintiff. We quote plaintiff's testimony, which is the sole basis for such refusal, "It was too big and cumbersome and detracted from the appearance of the hotel, and would look bad."

The reasons given by the plaintiff for his refusal to permit the larger irons to be used appear to be arbitrary and unreasonable. An iron one inch larger than that specified may have offended his aesthetic sense, but we do not believe that upon this ground alone he was justified in forbidding defendants to thus complete the performance of the contract.

The gravamen of the action is the alleged false representation made in the manner we have pointed out. When defendant Kenworthy stated that "everything had been taken care of according to contract", he was legally correct. Defendants had performed all of the terms of the contract. The offer to install the larger irons, and the unwarranted refusal of plaintiff to permit them to do so is, in law, the equivalent of full performance on the part of defendants in respect to this, the only disputed term. "If the performance of an obligation be prevented by the creditor, the debtor is entitled to all the benefits which he would have obtained if it had been performed by both parties." (Code Civ. Proc., sec. 1512.) Defendants had done all within their power to carry out the obligations imposed upon them by the contract, and the law requires nothing more. The finding to the effect that the said representation was false is therefore not sustained by the evidence.

The judgment is reversed.

Thompson, J., and Pullen, P. J., concurred.